IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM M. TAYLOR, #3653-17, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CHARLES EDGE, et al., § <br> Defendants. § | CIVIL CASE NO. 3:18-CV-0700-M-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I. BACKGROUND

On March 23, 2018, Plaintiff, a county inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Ellis County Sheriff Charles Edges and Sergeant Michael Enriquez. Doc. 3 at 3. Plaintiff complains he was injured as a result of the use of excessive force during a raid of his residence by a special task force team led by Sergeant Enriquez. Doc. 3 at 3-4; Doc. 7 at 5. In his *Answers to Magistrate Judge's Questionnaire*, Plaintiff avers that "a masked officer" searched him, jerked him, and then slammed him to the ground, causing injuries for which he subsequently was hospitalized. Doc. 7 at 8-11. Because all officers wore masks, Plaintiff states he does not know their identities and, thus, has named only Sheriff Edges and Sergeant Enriquez as Defendants. Doc. 7 at 5. Plaintiff requests monetary and punitive damages. Doc. 3 at 4.

## II. ANALYSIS

### A. Judicial Screening

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. And a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, the complaint, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, is frivolous and fails to state a claim.

### B. No Supervisory Liability

Plaintiff asserts a constitutional violation stemming from the alleged use of force during a raid of his residence by individuals who are not the named defendants. Sheriff Edges and Sergeant Enriquez may not be held liable under section 1983 for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only

liable for their own misconduct, and the theories of *respondeat superior* or vicarious liability do not provide a basis for liability in a section 1983 action). Rather, to impose liability against a supervisory official under section 1983, the plaintiff must establish the defendant's (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017). "Personal involvement . . . generally includes giving a 'command, signal, or any other form of direction to the [subordinate] officers.'" *Id.* at 696.

In his *Answers to Magistrate Judge's Questionnaire*, Plaintiff concedes that he is suing Edges because, in Edges' capacity as the Sheriff of Ellis County, he authorized the raid. Doc. 7 at 9. Plaintiff, however, alleges no facts that implicate Edges' personal conduct in the incident complained of. Doc. 7 at 9; Doc. 3 at 3-4. Moreover, while Plaintiff alleges Sergeant Enriquez "was in charge of the raid," Plaintiff adduces no facts reasonably suggesting that the alleged excessive force in the present case was due to Enriquez's individual actions. Doc. 7 at 10; Doc. 3 at 3-4. Indeed, Plaintiff alleges only that, by virtue of [Enriquez's] supervisory "authority," he sanctioned the masked "officer under [his] control to exert physical force." Doc. 7 at 10-11. That notwithstanding, Plaintiff does not aver that Enriquez was in a position to give the masked officer any command or direction that ultimately led to the use of force. *Cf. Pena v. City of Rio Grande City,* 879 F.3d 613, 621 (5th Cir. 2018) ("issuing a direct order to a subordinate to use excessive force demonstrates both the necessary action and causality for a supervisor-liability claim"). Therefore, Plaintiff's claims against Sheriff Edges and Sergeant Enriquez lack any legal basis and should be dismissed.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Plaintiff's claims are fatally infirm. Moreover, the Court has already given Plaintiff the opportunity to supplement his complaint by his answers to the Magistrate Judge's Questionnaire (which requested Defendant to provide the specific facts necessary to cure the deficiencies noted herein, *see* Doc. 6 at 10-11). Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Additionally, such dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury.").

      **SO RECOMMENDED**, May 29, 2018.

      _____
      RENEE HARRIS TOLIVER
      UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

      _____
      RENEE HARRIS TOLIVER
      UNITED STATES MAGISTRATE JUDGE