IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM M. TAYLOR, #3653-17,<br>Plaintiff, | § § § | |
| v. | § | CIVIL CASE NO. 3:18-CV-0700-M-BK |
| CHARLES EDGE, et al.,<br>Defendants. | § § § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. No objections were filed. On June 5, 2018, however, Plaintiff filed a *pro se* letter, which crossed in the mail with the Magistrate Judge's recommendation, and which requested to supplement the allegations in the complaint. Doc. 9. Specifically, Plaintiff seeks to include correspondence from his defense counsel related to Plaintiff's high blood pressure and injuries sustained during his arrest. Insofar as Plaintiff seeks to supplement the allegations in support of his excessive force claim, the motion is **GRANTED**. However, to the extent Plaintiff raises a new claim, the motion to supplement is **DENIED**.

Because no objections were filed, the Court reviews the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate.

Therefore, this action is summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Additionally, such dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action

or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1] In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 25th day of June, 2018.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.